[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13745
Non-Argument Calendar

_____

D. C. Docket No. 05-00232-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 29, 2007)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Jose Luis Benitez appeals his 156-month sentence for possession with intent

to distribute methamphetamine and a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2; and possession of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Benitez with possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2 (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), 2 (Count Three). These counts related to an incident on 4 April 2005. Benitez pled guilty to these two counts of the indictment.

An undercover officer ("UC"), with the aid of a confidential informant ("CI"), purchased roughly one pound of methamphetamine from Benitez's brother, Jose Augustin Benitez ("Augustin"), on 31 March 2005. Augustin contacted the CI on 3 April 2005, and arranged to sell three pounds of methamphetamine to the UC the next day. On 4 April 2005, officers observed Augustin's Ford Expedition leave his home followed by a blue Mazda. The vehicles stopped, then continued traveling. Augustin's Expedition arrived at the

meeting place, and the UC met with Augustin and Benitez, who was in the passenger seat. Once Augustin showed the officer the methamphetamine, other officers approached. The officers observed Benitez reach between the seat and center console and refused to obey orders to show his hands and exit the sport utility vehicle. Officers then pulled him from the truck and recovered a handgun and ammunition from Benitez and the vehicle.

Augustin admitted that he participated in the methamphetamine deals and that the driver of the blue Mazda, Ismael Almonte, was his supplier. He also stated that Benitez accompanied him to ensure there were no problems. Officers also recovered cell phones from all three men and noted that Augustin called the source prior to the cars stopping on the road and transferring the methamphetamine. The presentence investigation report attributed to Benitez only the drugs involved in the 4 April 2005 transaction.

At his sentencing, Benitez argued that Augustin was the "mastermind" who arranged the deals and participated in the prior deal by himself. Thus, Benitez was less culpable than Augustin. The government argued that any difference in the type of roles that Benitez and Augustin played in the drug deal did not render Benitez's conduct minor compared to Augustin. Moreover, Benitez was also present at the 31 March 2005 deal. The government acknowledged that Benitez

had been drinking heavily before the first deal and was half asleep during the transaction. Accordingly, its arguments focused solely on the April transaction.

The district court found that Augustin actually handed the drugs to, and displayed them for, the CI during both transactions. Nonetheless, the court stated that Benitez's relevant conduct was "that which he pled guilty to." R5 at 13. The court stated "[s]o while there may be some differences between the conduct of these two defendants in this particular occasion, nonetheless, they are both there for the purpose of transacting this drug offense." Id. The court stated that Benitez acted as security for the transaction. The court found that Benitez was not entitled to a minor role reduction because his role may have been as important as Augustin's role. The district court sentenced Benitez to a 96-month term of imprisonment for Count 2, and a consecutive 60-month term of imprisonment for Count 3. The district court also sentenced Benitez to two concurrent five-year terms of supervised release. This appeal followed.

## II. DISCUSSION

Benitez argues that the district court clearly erred in denying his request for a minor-role reduction as he only accompanied his brother Augustin during two drug transactions. A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. United States

v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). At trial, the defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a role reduction. Id. at 939. The standards for reviewing the application of the United States Sentencing Guidelines before the United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), decision apply after Booker as well. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under Booker still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before Booker." Id. at 1178-79 (citation and quotation omitted).

The Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of the group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5).

To determine whether a defendant is entitled to a mitigating-role reduction, the district court first must measure the defendant's role in the offense against the

5

relevant conduct for which he has been held accountable. DeVaron, 175 F.3d at 940. Next, the court may compare the defendant's culpability to that of other participants in that relevant conduct. Id. at 944. The district court may consider other participants in the offense, but "only to the extent that they are identifiable or discernable from the evidence." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: the amount of drugs involved; the fair market value of the drugs involved; the amount of compensation received by the courier; the courier's equity interest in the drugs, if any; the courier's role in planning the scheme; and the courier's role, or intended role, in the distribution of the drugs. Id. at 945.

Upon review of the record and consideration of the briefs of the parties, we find no reversible error. The district court correctly applied the first prong of the DeVaron analysis. The relevant conduct for which Benitez was held accountable was the possession with intent to distribute methamphetamine on 4 April 2005. He was not held responsible for any other deal. A district court may conclude that his assistance in this situation played an essential role in the possession of methamphetamine.

Neither did the district court clearly err in its application of the second prong

6

of <u>DeVaron</u>. Only three people were identifiable from the evidence: a supplier, a seller, and an armed lookout. Like the supplier, who has an equity interest in the drugs, and the seller, who is directly responsible for arranging the sale and negotiating the price, an armed individual, who provides security for the transaction, can play a significant part in a drug transaction. Benitez conceded that he was present to ensure that nothing went wrong with the deal. He had an integral role in ensuring Augustin's safety as well as Augustin's control of the drugs until the buyer made the purchase. Given these facts, it cannot be said that the district court's finding that Benitez was not entitled to a mitigating-role reduction was clearly erroneous. <u>See</u> <u>id.</u> at 945 ("So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.") (emphasis omitted).

### III. CONCLUSION

The district court did not clearly err in denying Benitez's request for a minor role reduction. Accordingly, we **AFFIRM.**

7